UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ANDREW GEHRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-08587 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| LEXUS, A DIVISION OF TOYOTA ) | |
| MOTOR SALES, U.S.A., INC., OF ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Daniel Andrew Gherett, filed an Amended Complaint alleging breach of warranty against defendant, Toyota Motor Sales, U.S.A., Inc., ("Toyota")[1], claiming damages arising out of a vehicle collision allegedly caused by an accelerator malfunction on Gehrett's Lexus. Toyota moves to transfer this matter pursuant to 28 U.S.C. § 1404(a) to the United States District Court of Arizona, Phoenix Division. For the reasons that follow, this Court grants the motion.

**Background**

On January 20, 2008, Gehrett purchased a 2006 Lexus IS 350 from Scottsdale Lexus, a car dealership in Scottsdale, Arizona. After purchasing the vehicle, Gehrett brought his car to an authorized Lexus dealership in Arizona to address problems with the vehicle, including sudden acceleration and brake failure. Gehrett alleges in his Amended Complaint that the dealership failed to adequately repair the problems on at least four occasions prior to the collision.

On March 3, 2010, Gehrett was driving his Lexus in Maricopa, Arizona, when he rear-

---

[1] Defendant asserts that plaintiff incorrectly sued Lexus, a Division of Toyota Motor Sales, U.S.A., Inc., instead of Toyota Motor Sales, U.S.A., Inc., the proper corporate entity.

ended the vehicle in front of him driven by Maria Victor, an Arizona resident. At the time of the collision, Gehrett was living in Mesa, Arizona. Gehrett told police that he was unable to stop due to his "accelerator pedal sticking." Gehrett alleges that accelerator defects caused the accident. He further alleges that the defects existed at the time of design or manufacture.

Gehrett sought leave to file an amended complaint after Toyota moved to dismiss his original three-count complaint for failure to state a claim. Prior to ruling on the motion to dismiss, this Court allowed Gehrett to file an Amended Complaint. In addition to moving to transfer this case to the district court in Arizona, Toyota filed a separate Motion to Dismiss the Amended Complaint arguing that Gehrett's claim for breach of warranty is barred by the statute of limitations. Since this Court finds that transfer to the Arizona district court is appropriate in this case, it will refrain from considering the separate motion to dismiss, which may require the application of Arizona law.

**Legal Standard**

Under 28 U.S.C. § 1404(a), a court may transfer a case to a district where the action could have been filed, if it is more convenient for the parties. A party moving to transfer venue must demonstrate that: (1) venue is proper in the transferring court, (2) jurisdiction and venue is proper in the transferee court, and (3) the transfer will serve the convenience of the parties and witnesses and promote the interest of justice. *Wysnoski v. Millet*, 759 F.Supp. 439, 444 (N.D. Ill. 1991). The weight given to each factor is in the sound discretion of the district judge. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

**Discussion**

Here, the first two requirements of § 1404(a) are not in dispute therefore this Court need only address the convenience and justice requirements. When considering whether another

forum is more convenient and whether a transfer would be in the interest of justice, the court considers both the private interests of the parties as well as the public interest of the court. *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007). The factors relevant to the parties' private interests include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id*. at 1056. The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

1. *Private Interests*

Gehrett urges this Court to retain the case rather than transfer it to Arizona because Gehrett chose to file it here in the Northern District of Illinois where he now resides. "As a general rule, a plaintiff's choice of forum should be disturbed only if the balance of public and private interest factors strongly favors the defendant." *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). Toyota argues that the balance of private and public interests in favor of transfer outweigh Gehrett's choice of forum. While Gehrett asserts that it is cost-prohibitive for him to litigate this case in Arizona, the Court notes that Gehrett was financially able to hire counsel in Illinois and would not necessarily need to travel to Arizona regularly. Obviously, Illinois is the more convenient forum for Gehrett and Toyota admits that it is not inconvenient for it to litigate this matter here.

Nevertheless, Gehrett purchased the vehicle in question in Arizona, the collision occurred

in Arizona, and Gehrett and the other driver were both Arizona residents at that time. The deference accorded a plaintiff's choice of forum is diminished where the chosen forum has no significant contact with the events that led to the filing of the cause of action. *Bryant v. Itt Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). The only connection that Illinois has with this matter is that plaintiff is now an Illinois resident and brought the vehicle here. If the Court had any concerns about the vehicle being in another state as the litigation, those concerns are allayed by the fact that the vehicle has already been examined by the parties' retained experts. Although the vehicle is now in Illinois, the remainder of evidence and all of the witnesses besides Gehrett and the corporate defendant witnesses are in Arizona, including the driver of the other vehicle, the responding and investigating officer, the tow-truck driver, and employees of the Scottsdale Lexus dealership that sold Gehrett the vehicle and made any of the repairs. Gehrett asserts that the testimony of many witnesses may be obtained by telephone or video conferencing. However, all of the non-party witnesses reside beyond the subpoena power of this Court and any testimony required of them can only be compelled by a court sitting in Arizona. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). This Court finds that the balance of private interests weighs in favor of transfer.

   2. *Public Interest*

Transfer must also be in the interest of justice, which refers to the efficient administration of the court system. "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted). Toyota argues that the public interest factors weigh heavily in favor of transfer. Gehrett did not

address the public interest factors in his response brief. Here, it is likely that Arizona law will apply to the claim for breach of warranty since Arizona was the place of injury and the place with the most significant relationship with the occurrence. *See Barbara's Sales, Inc. v. Intel Corp.,* 227 Ill. 2d 45, 71 (2007) (explaining Illinois choice of law rules in consumer fraud). Although Gehrett's complaint is brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, the Act calls for the application of state written and implied warranty law, except in the specific instances in which Magnuson-Moss expressly prescribes a regulation. *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986). The United States District Court in Arizona will be more familiar with Arizona warranty law than this Court.

Toyota asserts that the Arizona District Court is also less congested than the Northern District of Illinois. The two most relevant statistics to this analysis are (1) the median months from filing to disposition and (2) the median months from filing to trial. *Bryant,* 48 F. Supp. 2d at 834. Toyota presents the 2010 Annual Report of the Director on Judicial Business of the United States District Courts to show that the median number of months from filing to trial in Arizona is 25.6 months, while the median time to trial in Illinois is 26.9 months. Gehrett does not dispute these figures or otherwise argue in opposition. The Seventh Circuit has held that the "interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation, Inc.,* 626 F.3d at 978. Here, although Gehrett's convenience points to Illinois, it is the only factor that supports Illinois as a convenient forum. Based on the foregoing, neither the Northern District of Illinois nor the citizens of Illinois have an interest in resolving a warranty dispute that arose in Arizona. This Court finds that the public interest factors weigh in favor of transfer.

**Conclusion**

      This Court therefore grants Toyota's Motion to Transfer the case to the United States District Court of Arizona, Phoenix Division.

IT IS SO ORDERED.

Date: August 23, 2012

                                        Entered: _____
                                                     Sharon Johnson Coleman